IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TYRONE BRYANT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:04-CR-266 |
| | ) | 1:20-CV-546 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

In 2004, a jury found Tyrone Bryant guilty of eight offenses including several serious drug offenses, one count of felon in possession of a firearm, and one count of felon in possession of ammunition. After the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), Mr. Bryant moved to vacate his convictions on the firearm and ammunition counts because at his trial the government had not proven beyond a reasonable doubt that he knew he had been convicted of a crime punishable by a term of imprisonment over a year when he possessed the firearm and ammunition.

Before possessing the firearm and ammunition at issue, Mr. Bryant had served an active prison sentence of over a year. There is no credible evidence he did not know he had been convicted of a crime punishable by a term of imprisonment over a year when he possessed the firearm and ammunition. Nor is there sufficient evidence that had Mr. Bryant known of the *Rehaif* element he would have mounted a trial defense that he did not know of his felon status. In the absence of any reason to believe the outcome would

have been different absent the *Rehaif* error, Mr. Bryant cannot overcome his procedural default. Alternatively, he has not established a reasonable probability a jury would have acquitted him, and therefore the error did not affect his substantial rights. His motion will be denied.

I.      **Facts and Procedural History**

On January 26, 2000, Mr. Bryant was convicted in North Carolina Superior Court of felony assault with a deadly weapon inflicting serious injury, felony common law robbery, and felony possession with intent to sell and deliver cocaine. Doc. 110-1 at ¶¶ 5, 35–37. Assault with a deadly weapon inflicting serious injury is a Class E felony, *see Ellerbee v. United States*, No. 7:05-CR-86-BR-1, 2012 WL 13136444, at *1 (E.D.N.C. Sept. 27, 2012), and common law robbery is a Class G felony. *See Brooks v. United States*, No. 1:10CR71-1, 2014 WL 12729150, at *1 (M.D.N.C. June 26, 2014). At the relevant time, anyone convicted of either of these crimes was subject to a sentence of more than one year, even if the person had no prior criminal history. *See Ellerbee*, 2012 WL 13136444, at *1 (assault with a deadly weapon inflicting serious injury); *Brooks*, 2014 WL 12729150, at *1 (common law robbery). These offenses were consolidated for judgment, and he was sentenced to 23 to 37 months of imprisonment, Doc. 110-1 at ¶¶ 5, 35–37, consistent with the North Carolina statute requiring that when sentences are consolidated for judgment, the sentence imposed cannot be longer than the sentence available on the most serious crime. *See State v. Tucker*, 357 N.C. 633, 637, 588 S.E.2d 853, 855 (2003).

2

Mr. Bryant was released from prison in September 2001, Doc. 110-1 at ¶ 35, some 19 months after his sentencing. After his release from prison, he attended a program presented by the Greensboro Police Department for recently released felons and was explicitly informed he was not allowed to lawfully possess a firearm. *Id.* at ¶ 5.

In September 2003, Mr. Bryant failed to appear in state court on pending charges and orders for his arrest were issued. *Id.* at ¶ 6. When he was arrested and searched, officers found marijuana, cocaine, and money on his person, and larger amounts of drugs and cash were found in the residence, along with a loaded pistol. *Id.* at ¶¶ 6–9. He was charged in state court with numerous offenses, including possession of a firearm by a felon. *Id.* at ¶ 7.

In February 2004, after he was apparently released on bond, Mr. Bryant was again the subject of outstanding orders for arrest. *Id.* at ¶ 9. Officers located him at a different residence and again found him in possession of cocaine, marijuana, and a large amount of money. *Id.* He was charged with more crimes in state court. *Id.*

Mr. Bryant was again apparently released on bond, as he had more contact with law enforcement in March 2004. On March 12, 2004, a patrol officer noticed a stolen license plate affixed to a car at the defendant's address. *Id.* at ¶ 10. When officers knocked on Mr. Bryant's door to investigate the stolen tag, they saw him run from the back door carrying a plastic bag. *Id.* at ¶ 11. After a foot chase, and a high-speed car chase where Mr. Bryant threw several objects out of the car window, officers apprehended Mr. Bryant. *Id.* at ¶ 12. Officers searched him, finding marijuana and crack cocaine. *Id.* He was charged on the same day with nine crimes. *Id.* at ¶ 13.

3

On March 30, 2004, law enforcement executed a search warrant at Mr. Bryant's residence. *Id.* at ¶ 14. The search uncovered 28.5 grams of cocaine, a quantity of marijuana, ammunition, and documents confirming that Mr. Bryant resided at the address, resulting in more charges. *Id.*

After all these arrests and state court charges, the grand jury in this district returned an eight-count superseding indictment charging Mr. Bryant with maintaining drug-involved premises from about July 17, 2003, to September 6, 2003 (Count One); possession with intent to distribute cocaine on September 6, 2003 (Count Two); possession with intent to distribute crack cocaine on September 6, 2003 (Count Three); possession of a firearm in furtherance of a drug trafficking offense on September 6, 2003 (Count Four); felon in possession of a firearm on September 6, 2003 (Count Five); possession with intent to distribute crack cocaine on March 12, 2004 (Count Six); possession with intent to distribute cocaine on March 30, 2004 (Count Seven); and felon in possession of ammunition on March 30, 2004 (Count Eight). Doc. 12.

Mr. Bryant moved for suppression of the fruits of three searches, seizures, or arrests conducted on September 6, 2003, March 12, 2004, and March 30, 2004, Docs. 20–22, and the government filed an information to establish his prior convictions, seeking enhanced penalties pursuant to 21 U.S.C. § 841(b)(1)(B). Doc. 24. Mr. Bryant's motion to suppress was denied and he proceeded to trial. Minute Entry 10/06/2004.

At trial, Mr. Bryant stipulated to having a prior felony conviction. Specifically, he stipulated that "the defendant stands convicted in North Carolina State court of a crime punishable by imprisonment for a term exceeding one year. This conviction has not been

4

On March 30, 2004, law enforcement executed a search warrant at Mr. Bryant's residence. *Id.* at ¶ 14. The search uncovered 28.5 grams of cocaine, a quantity of marijuana, ammunition, and documents confirming that Mr. Bryant resided at the address, resulting in more charges. *Id.*

After all these arrests and state court charges, the grand jury in this district returned an eight-count superseding indictment charging Mr. Bryant with maintaining drug-involved premises from about July 17, 2003, to September 6, 2003 (Count One); possession with intent to distribute cocaine on September 6, 2003 (Count Two); possession with intent to distribute crack cocaine on September 6, 2003 (Count Three); possession of a firearm in furtherance of a drug trafficking offense on September 6, 2003 (Count Four); felon in possession of a firearm on September 6, 2003 (Count Five); possession with intent to distribute crack cocaine on March 12, 2004 (Count Six); possession with intent to distribute cocaine on March 30, 2004 (Count Seven); and felon in possession of ammunition on March 30, 2004 (Count Eight). Doc. 12.

Mr. Bryant moved for suppression of the fruits of three searches, seizures, or arrests conducted on September 6, 2003, March 12, 2004, and March 30, 2004, Docs. 20–22, and the government filed an information to establish his prior convictions, seeking enhanced penalties pursuant to 21 U.S.C. § 841(b)(1)(B). Doc. 24. Mr. Bryant's motion to suppress was denied and he proceeded to trial. Minute Entry 10/06/2004.

At trial, Mr. Bryant stipulated to having a prior felony conviction. Specifically, he stipulated that "the defendant stands convicted in North Carolina State court of a crime punishable by imprisonment for a term exceeding one year. This conviction has not been

4

expunged or set aside, nor has the defendant been pardoned nor had his civil rights been restored . . . so that he could lawfully possess a firearm or ammunition." Doc. 59 at 7.

For Count Five, the possession of a firearm by a felon charge, the Court[1] instructed the jury that there were three elements the government must prove beyond a reasonable doubt: the defendant had a previous criminal conviction punishable by a year or more of imprisonment, he knowingly possessed the firearm, and his possession was in or affecting interstate commerce. Doc. 60 at 238. The Court did not instruct the jury that the government had to prove Mr. Bryant knew of his felony status, and in fact instructed that "[t]he government need not prove that the defendant knew he had been convicted of an offense punishable by a term of imprisonment exceeding one year." *Id.* For Count Eight, possession of ammunition by a felon, the court's instructions referred to the firearm possession instructions. *Id.* at 240–41.

The jury found Mr. Bryant guilty of all charges. Doc. 39. He was sentenced to a total term of 420 months imprisonment. Doc. 54. The longest sentences were for the drug crimes in Counts Two, Three, Six, & Seven; for each he received concurrent 360-month sentences. *Id.* On Counts Five & Eight, felon in possession of a firearm and ammunition, he received 120-month concurrent sentences. He received a consecutive 60-month sentence for Count Four. *Id.*

On appeal, Mr. Bryant challenged the denial of his motion to suppress and the reasonableness of his sentence. Doc. 63. He did not challenge the trial judge's failure to

---

[1] The presiding judge at Mr. Bryant's trial and sentencing has retired, and the case was reassigned to the undersigned in 2011. *See* Minute Entry 11/19/2011.

5

include the *Rehaif* element *mens rea* requirement in the jury instructions. *Id.* The Fourth Circuit upheld his convictions and sentences. *Id.*

From 2010 to 2016, Mr. Bryant pursued various post-conviction motions which were either unsuccessful or eventually withdrawn. *See* Docs. 65, 68, 71 (seeking sentence reduction); Docs. 72, 106, 108 (first § 2255 motion); Docs. 110, 112–13, 116 (seeking sentence reduction); Docs. 111, 115, 117 (second § 2255 motion).

Mr. Bryant moved in 2020 for sentence reduction under § 404 of the First Step Act. Doc. 120. The Court granted the defendant's motion, reducing his total sentence of 420 months to 248 months. Doc. 148. This reduction affected Mr. Bryant's original sentences on Counts One, Two, Three, Six, & Seven, reducing them each to 188 months to run concurrently. *Id.* The Court did not change his sentences on Counts Five & Eight, the felon in possession of a firearm and ammunition offenses; those remained 120 months each, to run concurrently with the other counts. *Id.* Judgment on Count Four also remained at 60 months, consecutive to all other counts. *Id.* Mr. Bryant's period of supervised release was reduced from eight years to six years. *Id.*

In both August and December 2020, Mr. Bryant sought compassionate release due to medical factors associated with higher risk of severe illness from COVID-19. Docs. 135, 152. The Court in its discretion denied Mr. Bryant's motions as his § 3553(a) factors counseled against early release, Docs. 150, 153, and the Fourth Circuit affirmed. Doc. 160 (concerning Mr. Bryant's motion at Doc. 152).

Fifteen years after Mr. Bryant's convictions, the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019), holding that in prosecutions under 18 U.S.C.

§ 922(g) and § 924(a)(2), the government must prove that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. Relying on *Rehaif*, Mr. Bryant filed a § 2255 petition asking the Court to vacate his convictions for possession of a firearm and ammunition by a felon. Doc. 128.

The Court appointed counsel to represent Mr. Bryant in connection with this motion. Text Order 06/24/2020. Adjudication was stayed pending Supreme Court disposition of *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), *rev'd sub nom. Greer v. United States*, 141 S. Ct. 2090 (2021), which was expected to provide guidance on Mr. Bryant's motion. Text Order 11/12/2020. The Court then lifted the stay and authorized additional briefing, Text Order 06/30/2021, which is now complete. Docs. 165, 169.

Mr. Bryant claims his convictions for felon in possession of a firearm and ammunition are unconstitutional because the government did not prove an essential element of each of these offenses at trial. Doc. 128 at 4. To overcome the procedural default his argument faces, Mr. Bryant claims actual innocence because he did not know he had been convicted of a felony and he believed his rights, including to possess a firearm, had been restored. Doc. 169 at 4–5. In the alternative, he contends he was actually prejudiced and there was cause for his default. *Id.* at 2–4.

## II. Rehaif and Greer

In *Rehaif*, the defendant was charged with possession of a firearm by a prohibited person as an alien unlawfully in the United States, in violation of 18 U.S.C. § 922(g) and § 924(a)(2). 139 S. Ct. at 2194. At the close of Mr. Rehaif's trial, the judge instructed the jury, over Mr. Rehaif's objection, that the "United States is not required to prove" that

7

Rehaif "knew that he was illegally or unlawfully in the United States." *Id.* The jury returned a guilty verdict, and Mr. Rehaif appealed, arguing that the judge erred in instructing the jury that it did not need to find that he knew he was in the country unlawfully. *Id.* at 2195. The Supreme Court agreed, holding that it is an element of the offense that the defendant has knowledge of the facts that give rise to his status as a person barred from possessing a firearm. *Id.* at 2200.

*Rehaif* had wide-ranging implications, as § 922(g) also prohibits possession of a firearm by many other categories of persons. One of these categories is a person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1), in other words, a convicted felon.

Defendants convicted under § 922(g) before the Supreme Court's decision in *Rehaif* soon raised similar challenges. The issue of knowledge of felony status or *mens rea* came before the Supreme Court in two cases where the defendants convicted of possession of a firearm by a felon had not challenged the knowledge element in the district court. *Greer v. United States,* 141 S. Ct. 2090 (2021). At Mr. Greer's trial, he did not request, and the court did not give, a jury instruction that the government must prove beyond a reasonable doubt that Mr. Greer knew he was a felon when he possessed the firearm. *Id.* at 2096. He defendant challenged his conviction on direct appeal, requesting a new trial. *Id.* The Eleventh Circuit applied plain-error review and rejected Mr. Greer's request for a new trial. *Id.*

On review, the Supreme Court held that the plain-error test applied and that to establish eligibility for plain-error relief a defendant must show that "the error . . .

8

affect[s] 'substantial rights,' which generally means that there must be 'a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'" *Id.* at 2096 (quoting *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904–05 (2018)). To satisfy the substantial rights prong of the plain-error test, defendants who went to trial must show there is a reasonable probability that absent the *Rehaif* error, they would have been acquitted. *Greer*, 141 S. Ct. at 2098 (explaining Mr. Greer had the burden of showing that a proper *mens rea* jury instruction would have led to a "reasonable probability" of his acquittal).

The Court rejected Mr. Greer's assertion of plain error. *Id.* at 2098. It relied upon the stipulation in the trial record that Mr. Greer was a felon and noted that Mr. Greer had "never argued or made any representation on appeal . . . that he did not know he was a felon when he possessed a firearm." *Id.* The Court recited the general rule that constitutional errors do not lead to automatic reversal of a conviction; automatic reversal requires structural error. *Id.* at 2099. "[D]iscrete defects in the criminal process—such as the omission of a single element from jury instructions . . . are not structural because they do not 'necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence.'" *Id.* at 2100 (quoting *Neder v. United States*, 527 U.S. 1, 9 (1999) (involving omission of element from jury instructions)).

### III. Discussion

Mr. Bryant contends his conviction is unconstitutional because he was convicted without proof beyond a reasonable doubt that he had knowledge of the facts that made his possession of a firearm and ammunition unlawful. Doc. 128 at 4. He did not raise this

9

issue during trial, before or when he was sentenced, or on direct appeal. He could have raised this claim on direct appeal, and generally speaking a defendant is precluded from raising the sort of claims that could have been raised on appeal. *See United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009). When he does not, his claims should be dismissed based on procedural default. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). To overcome procedural default, a defendant must establish a "fundamental miscarriage of justice," *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013), shown by either cause for the default and actual prejudice from the asserted error, or by a showing of actual innocence. *See Bousley*, 523 U.S. at 622.

### A. Actual Innocence

Actual innocence "means factual innocence, not mere legal insufficiency." *Id.* at 623–24. To establish actual innocence, Mr. Bryant must show that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995)) (cleaned up). As noted, *Rehaif* established that it is an element of the offenses that a defendant has knowledge of the facts giving rise to prohibited status, which here is knowledge that he has "been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). So, Mr. Bryant must offer evidence sufficient to show that he could persuade a reasonable juror he lacked such knowledge.

To meet this burden, he offers his own conclusory declaration that he did not know he was a felon, and he believed his right to possess a firearm had been restored. Doc. 169-1 at ¶¶ 7–8. But he does not say why he thought he wasn't a felon or why he

10

thought he could lawfully possess a firearm. Mr. Bryant offers no proof that his civil rights were restored, and he does not explain why, if he truly thought he was permitted to possess firearms at the time of his offense, he did not raise this issue at trial or at any other point before now. He does not address the overwhelming evidence that he had such knowledge:

- He had served an active prison sentence of well over year for a serious felony assault and he had been convicted of at least two state felonies that are felonies under federal law, along with numerous other state law felonies.[2]
- He attended a session with the Greensboro Police Department after his release from prison and before the charged possessions in which he was told that he was not allowed to possess a firearm. Doc. 103 at ¶ 5.
- As to the ammunition charge, he was on bond for a pending possession of a firearm by a felon charge when he possessed that ammunition. Doc. 103 at ¶ 6.

Mr. Bryant's declaration is evidence, but it is not enough evidence for the Court to find that "no reasonable juror would have convicted him" on the firearm and ammunition charges in Counts Five & Eight. *Bousley*, 523 U.S. at 623.

---

[2] In addition to the drug felony consolidated with the felony assault and the common law robbery, Mr. Bryant had received a suspended sentence of 10–12 months for a guilty plea on a felony drug charge, Doc. 103 at ¶ 39, and a shorter sentence of 8–10-months on another felony drug charge the following year. *Id.* at ¶ 40. In view of the undisputed evidence that Mr. Bryant had two qualifying felony convictions, the Court need not decide whether these drug convictions were felonies for purposes of 18 U.S.C. § 922(g) under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). But the sheer volume of convictions is a fact supportive of his knowledge of his felony status.

11

### B. Cause and Prejudice

Mr. Bryant also does not show actual prejudice stemming from the *Rehaif* error. To show actual prejudice, Mr. Bryant must show that errors in the proceedings worked to his actual and substantial disadvantage and were of constitutional dimension; it is insufficient to show the mere possibility of prejudice. *See, e.g.*, *United States v. Frady*, 456 U.S. 152, 170 (1982); *Richardson v. Kornegay*, 3 F.4th 687, 701 n.8 (4th Cir. 2021).

The error in Mr. Bryant's trial was that the government did not prove beyond a reasonable doubt that Mr. Bryant knew he had been convicted of a felony. At trial, Mr. Bryant stipulated to his prior felony conviction. Doc. 59 at 7. It is undisputed that Mr. Bryant served a prison term of well over a year on a felony assault, that he had been convicted of a robbery that also carried a penalty of over a year in prison, and that he attended a session with the Greensboro Police Department after his release in which he was told that he was not allowed to possess a firearm. *See* discussion *supra*. His *post hoc* conclusory denial of such knowledge is insufficient to show that the proceedings would have turned out more favorably for Mr. Bryant if the government had been required to offer proof that he knew he had been convicted of a crime carrying a possible sentence of over a year during his 2004 possession of a firearm and ammunition.

Indeed, the evidence is overwhelming that Mr. Bryant knew he was a felon, and the government easily could have proven this fact, making acquittal highly unlikely rather than a reasonable probability. Mr. Bryant has not shown actual prejudice. *See Frady*, 456 U.S. at 170; *Richardson*, 3 F.4th at 701 n. 8. Because he has not shown prejudice, the Court need not address his argument, Doc. 169 at 2–3, that he has shown

12

cause for the procedural default. *See, e.g.*, *Bond v. Procunier*, 780 F.2d 461, 464 (4th Cir. 1986).

Mr. Bryant says he thought his right to possess a firearm had been restored. Doc. 169-1 at ¶ 8. Putting aside the sufficiency of his evidence, a belief that he could lawfully possess a firearm does not undermine his guilt. It is knowledge of the felony conviction that is relevant under *Rehaif*, not knowledge that his felony status prohibited possession of firearms. *See United States v. Singh*, 979 F.3d 697, 727 (9th Cir. 2020); *accord United States v. Maez*, 960 F.3d 949, 954–55 (7th Cir. 2020).

To the extent Mr. Bryant is making an independent ineffective assistance of counsel claim based on his attorney's failure to object at trial to the absence of instructions on the appropriate *mens rea* standard and failure to raise this issue on appeal, Doc. 169 at 2–4, the argument is without merit. Failure to raise novel arguments before the district court or on appeal that are unsupported by then-existing precedent or to anticipate a change in the controlling law does not constitute deficient performance under *Strickland v. Washington,* 466 U.S. 668 (1984). *See United States v. Morris*, 917 F.3d 818, 823 (4th Cir. 2019); *see generally Alexander v. United States*, No. 1:15-CR-103, 2021 WL 5636931, at *5 (M.D.N.C. Dec. 1, 2021).

## IV.  Conclusion

When Mr. Bryant possessed a firearm and ammunition in 2004, he knew he had been convicted of a crime punishable by more than a year in prison because he had actually served a prison sentence well over a year for a Class E felony. When he stipulated at trial to his status as a felon, he knew that he was a felon, and he knew that

the government had overwhelming evidence of that fact. Mr. Bryant has not shown actual innocence or prejudice, his claim is procedurally defaulted, and the motion to vacate will be denied.

It is **ORDERED** that the petitioner's motion to vacate, set aside, or correct sentence, Doc. 128, is **DENIED**.

This the 14th day of December, 2021.

_____
UNITED STATES DISTRICT JUDGE